COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


BAY AREA MOVERS & STORAGE, INC.
AND
UNITED STATES FIRE INSURANCE COMPANY

v.   Record No. 2204-95-1                MEMORANDUM OPINION[*]
                                            PER CURIAM
LUKE WAYNE MIXON, SR.                     MARCH 5, 1996


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (William C. Walker; Bradford C. Jacob; Taylor &
          Walker, on brief), for appellants.

          (John H. Klein; Rutter & Montagna, on brief), for
          appellee.


     Bay Area Movers & Storage, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in denying its change in condition

application.  The commission found that employer failed to prove

that Luke Wayne Mixon, Sr. ("claimant") was able to return to his

pre-injury employment without restrictions as of September 20,

1994.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appellate review, we view the evidence in the light most

favorable to the prevailing party below.  R.G. Moore Bldg. Corp.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of an award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission based its denial of employer's change in condition application on its finding that claimant's bona fide, but unsuccessful, attempts to perform his pre-injury work as a truck driver demonstrated that he was not able to return to and perform all of his pre-injury tasks, "because such work only aggravated his residual [back] injury and made the painful symptoms intolerable." In so ruling, the commission found as follows:

> [C]laimant's own testimony establishes that he challenged [Dr. Richard K. Neal, Jr.'s] release to work on several occasions and discussed his problems with Dr. Neal, and those tasks that he asserted were too difficult for him. According to the claimant, the physician on each occasion advised him to continue trying and released him to work without restrictions. We find no inconsistency in the medical opinion.
> However, the recommendation that the

2

claimant limit uninterrupted driving is tacit acknowledgment of the actuality of the employee's subjective complaints. Dr. Neal does not explain why he believes the complaints are exaggerated, since the claimant followed his instructions to continue trying to work, but it only further aggravated his symptomatic condition and prompted him to return for further medical treatment. It appears that Dr. Neal doubts the intensity of the claimant's symptoms because he cannot determine a cause of them.

The commission found claimant's testimony credible concerning his unsuccessful attempts to return to work. On appeal, this Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). The commission, in its role as fact finder, was entitled to accept claimant's testimony, which supports the commission's finding that claimant was not able to return to and perform all the tasks of his pre-injury employment as of September 20, 1994.

Moreover, the commission was entitled to give little weight to Dr. Neal's September 19, 1994 release. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). Although Dr. Neal released claimant to his pre-injury employment, he advised claimant not to sit continuously for more than one hour. There is no evidence in the record to indicate that claimant could have worked in his pre-injury employment within

3

this restriction, in light of claimant's job duties, which required him to drive routes within a 100-mile radius.

Based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of proof. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>